

*signature*
**JAMES M. MARLAR**
Chief Bankruptcy Judge

1  Robert M. Cook (SBN 002628)
   THE LAW OFFICES OF ROBERT M. COOK, PLLC
2  219 West Second Street
   Yuma AZ 85364
3  Telephone: (928) 782-7771
   Facsimile: (928) 782-7778
4  E-mail: robertmcook@yahoo.com
   *Attorney for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 12 |
|---|---|
| STEELMAN ENTERPRISES, LLC, | Case No. 4:09-bk-33960-JMM |
| Debtor, | Case No. 4:09-bk-33962-JMM |
| S & S FARMS PARTNERSHIP, | Case No. 4:09-bk-33963-JMM (Jointly Administered) |
| Debtor, | |
| CUSTOM TILLAGE & SPRAY, LLC, | STIPULATED ORDER CONFIRMING CHAPTER 12 PLAN OF REORGANIZATION |
| Debtor. | |

Debtors' Plan of Reorganization, a copy of which is attached hereto as Exhibit "A," was filed on May 21, 2010, and is modified herein.

The Plan or Summary of the Plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The Court finds that the Plan meets the requirements of 11 U.S.C. §1225.

IT IS ORDERED THAT:

The Debtors' Chapter 12 Plan is Confirmed, subject to only the following provisions:

1.  **Payments (monthly):**

    Amount of each payment:         $2,573.92

    Due Date of each payment:       15th of each month beginning

THE LAW OFFICES OF ROBERT M. COOK, PLLC
219 WEST SECOND STRET
YUMA, AZ 85364

|   |   |   |
|---|---|---|
| | | August 15, 2010 |
| | Period of payments: | 60 months |
| | Payments Payable to: | David Reaves, Trustee<br>P.O. Box 44320<br>Phoenix, AZ 85064-4320 |

2. **Payments (semi-annually):**

|   |   |
|---|---|
| Amount of each payment: | $37,136.28 |
| Due Date of each payment: | February 15 and August 15<br>beginning August 15, 2010 |
| Period of payments: | 60 months |
| Payments Payable to: | David Reaves, Trustee<br>P.O. Box 44320<br>Phoenix, AZ 85064-4320 |

3. Attorney's Fees:

The Debtors' Attorney was paid in full prior to the filing of the Debtors' Chapter 12 Cases and is due nothing from the Estate.

4. Other provisions:

A. John Deere & Company will be paid as agreed in the Chapter 12 Plan for the Cotton Picker. A payment of $40,000.00 is due to John Deere & Company on June 11, 2010 for the return on the Cotton Picker per Stipulation on file with the Court. The semi-annual payments to Deere of $28,564.69 will be made February 15 and August 15, with the first payment to commence August 15, 2010.

Parties agree that the Debtors will make the regular contract payments on the Sundance Model 922 Disk, Serial #104-922 in the amount of $7,087.80, the first by May 26, 2010, and will thereafter continue to abide by the payment terms on the contract and paid directly to Creditor (See Docket #37).

B. The Estate of Larry Lowenthal, a secured creditor in Pinal County, shall be paid $230,542.00 amortized over 30 years at 4.75% interest. The monthly payment will be $1,202.62 beginning August 1, 2010. (Payment amount is included above in the monthly payments to be made through the Trustee). Debtors shall cooperate with the Personal Representative of the Lowenthal Estate to reinstate the collection escrow account at Fidelity

National where Debtors previously made payments on the underlying debt, with the Debtors paying all the expenses of this escrow account. In addition to the principal and interest payments, Debtors shall make additional monthly payments of 1/12 of the estimated property taxes into the escrow account estimated on the prior year's taxes. The Debtors shall pay into the escrow account the first half of the 2010 taxes by the end of September 2010 as the taxes are due in October 2010. Debtors shall pay the delinquent property taxes, plus any interest accrued, within one year of confirmation of Debtor's Plan of Reorganization. Currently the delinquent tax taxes amount to $6,941.68. The Debtor shall provide receipts to the Estate showing that the taxes have been paid. In the event the Debtors fail to make the any payments when due, the Estate of Larry Lowenthal shall have the right to initiate foreclosure action on the secured property without further order of the Court. Upon default by the Debtors the Estate of Larry Lowenthal shall have the right to implement any of the default provisions contained in the original Note and Deed of Trust. Any reference to the Estate of Larry Lowenthal shall also apply to its beneficiaries and devisees.

  C. TCF Equipment Finance, Inc. filed an objection to the Plan and it having been resolved in Open Court on June 7, 2010, Debtor Custom Tillage & Spray, LLC hereby assumes the Lease and TCF Equipment Finance, Inc. shall be paid according to the Lease, the terms of which are incorporated herein, and shall be paid the arrearage of $12,690.00 plus applicable taxes along with the $634.50 in pre-petition late fees within 30 days of the Order Confirming Plan to bring the Lease current for 2010. TCF Equipment Finance, Inc. shall be paid the remaining two (2) annual payments of $12,690.00 plus applicable taxes, as scheduled on January 1, 2011 and January 1, 2012 and should the Debtor elect to exercise the purchase option contained in the Lease, a payment of $5,960.00 plus all sales and use taxes arising on the sale on or before January 1, 2013. In the event the Debtors fail to make any payment when due, TCF Equipment Finance, Inc. may recover the equipment described in the Lease without further order of the Court.

  D. Crop Production Services, Inc., an unsecured creditor, filed an objection to the Plan and it having been resolved in Open Court on June 7, 2010, the unsecured

creditors (as a whole) will continue be paid a total of $14,875.40 over the life of the Plan as stated in the Plan.

**SIGNED AND DATED ABOVE**

Approved by:

/s/Robert Spurlock (w/ permission)
Robert Spurlock
Attorney for Creditor John Deere & Company


/s/Thomas M. Murphy (w/ permission)
Thomas M. Murphy
Attorney for the Creditor, the Estate of Larry Lowenthal


/s/Alan Costello (w/ permission)
Alan Costello
Attorney for Creditor TCF Equipment Finance, Inc.


/s/Gregory Gnepper (w/ permission)
Gregory Gnepper
Attorney for Creditor Crop Production Services, Inc.


/s/ David Reaves (w/ permission)
David Reaves
Chapter 12 Trustee

Robert M. Cook (SBN 002628)
THE LAW OFFICES OF ROBERT M. COOK, PLLC
219 West Second Street
Yuma AZ 85364
Telephone: (928) 782-7771
Facsimile: (928) 782-7778
E-mail: robertmcook@yahoo.com
**Attorney for Debtors**

## UNITED STATES BANKRUPTCY COURT
## FOR THE STATE OF ARIZONA

| | |
|---|---|
| In re<br>STEELMAN ENTERPRISES, LLC,<br>S & S FARMS PARTNERSHIP,<br>CUSTOM TILLAGE & SPRAY, LLC,<br><br>Debtors. | Chapter 12<br>Case No. 4:09-bk-33960-JMM<br>Case No. 4:09-bk-33962-JMM<br>Case No. 4:09-bk-33963-JMM |

## COMBINED CHAPTER 12 (OPERATING)
## PLAN OF REORGANIZATION

The Debtors propose this Plan of Reorganization pursuant to Chapter 12 of Title 11, United States Code.

Pursuant to 11 U.S.C. §1201(a), all actions are stayed against the co-debtors of Custom Tillage & Spray, LLC, S & S Farms Partnership and Steelman Enterprises, LLC including Family Farmer/Debtors Stevie L. Steelman, Jr., Maryann Steelman, Stevie L. Steelman Sr. and Cheryl Steelman in the Chapter 12 cases.

In accordance with 11 U.S.C. §1222, Family Farmer Plans of Reorganization provides as follows:
> "(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the Plan;
>
> (2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 unless-

(A) the claim is a claim owed to a governmental unit that arises as a result of the sale, transfer, exchange or other disposition of any farm asset used in the debtor's farming operation, in which case the claim shall be treated as an unsecured claim that is not entitled to priority under section 507, bu the debt shall be treated in such manner only if the debtor receives a discharge; or

(B) the holder of a particular claim agrees to a different treatment of that claim;

(3) if the plan classifies claims and interests, provide the same treatment for each claim or interest within a particular class unless the holder of a particular claim or interest agrees to a less favorable treatment; and

(4) notwithstanding any other provision of this section, a plan may provide for less than full payment of all amounts owed for a claim entitled to priority under section 507(a)(1)(B) only if the plan provides that all of the debtor's projected disposable income for a 5-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan."

## DEFINITIONS

In this plan the following terms have these meanings:

1. Confirmation shall mean the entry by this Court of an Order confirming this Plan in accordance with Chapter 12;

2. Effective Date shall mean that date on which the Order confirming the Plan becomes final and nonappealable.

3. Interest shall mean simple interest calculated on a 365 day year. Interest shall run from the date of confirmation, accrued to date of debtors' first plan payments, and then added to the principal of the claim to be paid under the plan.

## ARTICLE I
### Classification of Claims and Interests.

Pursuant to U.S.C. §1222(a), the Plan divides the holders of claims into these classes:

1.1 <u>Class One</u>: Administrative expenses as the same shall be allowed and approved by the Court, including fees of Debtors' counsel.

  A. Robert M. Cook, Attorney for Debtors was paid in full pre-petition.

  B. The Trustee shall be paid 5% of Plan payments.

  C. The delinquent Property Taxes due to Pinal County will be brought current within 3 years of Confirmation of Plan.

  D. The IRS will be paid $1,000.00 a month for the life of the Plan and a balloon payment will be paid at the end of the Plan to pay all remaining taxes due under this Plan.

1.2 <u>Class Two</u>: Secured Claims are compromised of:

  1. The portion of the claim that real estate secures:

  A. Farm Service Agency ("FSA"), which upon Confirmation of the Plan shall provide a line of credit in the amount of approximately $300,000.00, along with subsidies and shall hold a super priority lien in the income from growing crops, subsidies and all farm products. The FSA shall hold a security lien in second position on the property located at 3995 W. Houser Road, Eloy, Arizona 85231.

  B. Larry Lowenthal Trust shall retain a security interest in the collateral located at 3995 W. Houser Road, Eloy, Arizona 85231 and be paid $150,000.00 in 30 years at 4.75% interest.

  2. The portion of the claim that farm personal property secures:

  A. John Deere & Company shall be paid according to the Stipulation on file with the Bankruptcy Court as docket #37 (Custom Tillage & Spray, LLC). Three installments are to be paid to cure arrears in the amounts of $5,000.00 on April 30, 2010, $5,000.00 on May 14, 2010 and $40,000.00 to be paid by June 11, 2010. John Deere & Company shall be paid $50,000.00 per year for the life of the Plan at 5% interest paid semi-annually.

  B. AgriCredit shall be crammed down to the market value of $18,000.00 for the 8910 Case in Tractor over the life of the Plan.

  C. Naeda Financial Ltd. Shall be crammed down to the market value of $6,000.00 for the Lazer Level Equipment over the life of the Plan.

  D. TCF Equipment Finance shall be crammed down to the market value of $20,000.00 for the 2 Modular Buildings over the life of the Plan.

E. Trimble Financial Services shall be crammed down to the market value of $18,000.00 for the 2 GPS Units and Accessories over the life of the Plan.

F. Any unsecured amounts shall be paid in the unsecured claims category.

1.3 Class Three: Unsecured claims.

A. Unsecured Claims shall be paid 2% of their said claim over the life of the Plan.
JPMorgan Chase shall have its lien stripped and be treated as an unsecured creditor. JPMorgan Chase is impaired in its entirety, stripped of any liens on any property. JPMorgan Chase shall have no continued lien on any property or ongoing operation for the reason that the said creditor failed to continue funding the Debtors farming. Creditor JP Morgan Chase has not filed Proofs of Claims nor entered in the proceedings as an interested party.

## ARTICLE II
## Treatment of Claims.

2.1 Class One: The Class One claim will be paid in full prior to payments on Class Three claims. The payment provided for Class Three claims will be devoted to payment of the Class One claims until those claims are paid in full; thereafter the payment will be devoted to payment of the Class Three claims.

2.2 Classes Two and Three: Claims in these classes will be paid pursuant to the terms set forth in the debt service table below, as modified by the paragraph immediately before this paragraph.

A. Trustee payments will be made in the months of February and August each year from proceeds of the harvested crops. Debtors will make the Trustee payment within 20 days from the receipt of funds from the harvest. The life of the Plan will be 60 months and unless noted different in the creditors treatment, there shall be 10 total payments.

+

**DEBT SERVICE TABLE, August 1, 2010 through plan end (monthly)**

| Class | Claim | Amort. Period | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| 1:Administrative | | | | |
| Pinal County | $ 22,277.77 | 3 | 0.00% | $ 371.30 |
| IRS | $102,829.57 | 5 | 0.00% | $1,000.00 |

2.a. Bank (R.E.)
    FSA                $300,000.00 (shall be paid according to contract)
    Lowenthal        $150,000.00     30     4.75%    $ 782.47

**Subtotal: $2,153.77**

### DEBT SERVICE TABLE, August 1, 2010 through plan end (semi-annually)

| Class | Claim | Amort. Period | Interest Rate | Payment |
|---|---|---|---|---|
| **2.b. Bank (P.P.)** | | | | |
| John Deere & Co. | $250,000.00 | 5 | 5.00% | $28,564.69 |
| AgriCredit | $ 18,000.00 | 5 | 5.00% | $ 2,056.66 |
| Naeda Financial | $ 6,000.00 | 5 | 5.00% | $ 685.55 |
| TCF Equipment | $ 20,000.00 | 5 | 5.00% | $ 2,285.18 |
| Trimble Financal | $ 18,000.00 | 5 | 5.00% | $ 2,056.66 |
| **3: Unsecured (2%)** | $ 14,875.40 | 5 | 0.00% | $ 1,487.54 |
| (Total unsecured claims $743,770.00) | | | | |

**Subtotal: $37,136.28**

### ARTICLE III
### Means for Execution.

3.1 The Debtors shall pay to the standing trustee monthly, the sum set by the office of the United States Trustee as the standing trustee's fee arising by virtue of payments on claims, commencing August 1, 2010.

3.2 Regardless of any other provision of the Plan, the standing trustee shall make payments only to creditors holding timely filed and allowed claims.

3.3 Confirmation of this plan constitutes authorization to the Farm Service Administration to provide full FSA services to the Debtors consistent with the terms of this plan and constitutes limited relief from the stay of 11 U.S.C. §362 for that purpose.

3.4 After confirmation of the plan, all checks jointly payable to the Debtors and any creditor shall be endorsed by the creditor for the Debtors' use, provided that the Debtors are in full compliance with the requirements of this plan, the Bankruptcy Code, and the rules of the Bankruptcy Court.

3.5 <u>Post-Confirmation Status of Liens:</u>

1. The Farm Service Agency shall have a sole super priority lien in all crops. All crop assignments granted by the Debtors prior to filing shall be stripped.

3.6 All post-confirmation payments made under the Plan will be made to the standing trustee in the form of check or money order showing the bankruptcy case number. Payment to the standing trustee shall constitute payment to creditors for the purpose of calculating any interest charge.

3.7 Debtors shall provide the standing trustee: (1) quarterly cash flow statements and annual financial statements within 30 days after the end of each plan Quarter: (2) annual financial statements within 30 days after the end of each plan year: (3) a copy of timely filed federal income tax returns at the time of filing such returns: (4) upon demand, any other records which should be kept in the ordinary course of Debtors' business. The Trustee shall have the right at any time to require the Debtors to retain the services of a professional farm records specialist for the purpose of making the Debtors' required reports more accurate.

3.8 Amounts specified elsewhere in this plan to be paid on claims notwithstanding, any payment on a claim or class of claims shall be adjusted to amortize such claim (or the total claims in the class) over the period specified with the indicated interest, once the amount of the claim has been determined and allowed by the court. Debtors shall forthwith notify the standing trustee of any change in such payments.

3.9 **Claims not filed before the bar date established in the Court's Notice of Chapter 12 Bankruptcy Case shall be barred.**

3.10 The Order of Confirmation herein will constitute authorization to the Debtors to borrow funds in the ordinary course of business for the conduct of their farming operations, including planting, propagating and harvesting crops, and granting security to lenders as required for that purpose.

3.11 <u>Executory Contracts</u>: Debtors hereby assume all executory contracts not specifically rejected in this plan. This assumption specifically includes, but is not limited to, assumption of the Debtors' executory contracts with Arica Road II Lender, LLC c/o DL Management Services, LLC, Caballero Dairy Farms, LLC, CS11 Maricopa, LLC, Elliott Homes, Inc., Grey Squirrel Enterprises, LLC, Jonathan Ryan, LLC, TCF Equipment Finance and Trimble Financial Services.

### ARTICLE IV
### Feasibility and Liquidation

4.1 The Debtors will be able to make all payments and comply with all provisions of the plan based upon the availability to the Debtors of the income and property proposed

to be used under the plan. The Debtors have no reason to believe that any income described herein, or any asset described herein, will not be available to the Debtors.

A. The Direct Loan Assistance application with the FSA which is on file with the Bankruptcy Court as docket #22 (Steelman Enterprises, LLC) is necessary to permit Debtors to help fund the 2010 expenses of approximately $409,405.00 against which Debtors have anticipated income from alfalfa, cotton and cotton seed crops of $692,500.00.

4.2 Liquidation of the Debtors' enterprise would probably result in full payment to all creditors. Debtors project the income and expense set forth in the Direct Loan Assistance application to obtain FSA financing.

## ARTICLE V
## General

5.1 This plan complies with the provisions of Chapter 12 and all other applicable provisions of Title 11 of the United States Code, and is proposed in good faith and not by any means forbidden by law.

5.2 The Trustee shall deduct, from payments received, the fee set by the United States Trustee's Office.

5.3 Confirmation of the Plan shall vest in the Trustee the right, without regard to prior proceedings prosecuted or defended by Debtors, to (1) object to claims, and (2) continue or bring actions under 11 U.S.C. §§544, 545, 547, 548 or 553. Payments provided herein for claims which are not allowed or are disallowed, and any avoidance recovery, shall be distributed to holders of priority and unsecured claims as provided under this plan.

## ARTICLE VI
## Duration of Plan.

6.1 This plan shall terminate on February 1, 2016, except as to claims for which this plan makes provision for payments due after that date.

## ARTICLE VII
## Jurisdiction of the Court.

7.1 The Court will retain jurisdiction until this plan has been fully consummated, including jurisdiction for the following purposes:

1. Determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes, or

conflicts, whether or not subject to action pending as of the date of confirmation, between the Debtors and any other party.
2. The correction of any defect, curing of any omission, or reconciliation of any inconsistency in this plan, or the order of confirmation as may be necessary to carry out the purposes and intent of this plan.
3. The modification of this plan after confirmation.
4. To enforce and interpret the terms and conditions of this plan.
5. Entry of any order necessary to enforce the title, rights and powers of the Debtors, and to impose such limitations, restrictions, terms and conditions as this Court may deem necessary.

RESPECTFULLY SUBMITTED this 21st day of May, 2010.

        THE LAW OFFICES OF ROBERT M. COOK, PLLC

        By: /s/ Robert M. Cook
            Robert M. Cook, Esq.
            Attorney for Debtors

Approved by:
/s/ Stevie L. Steelman, Jr .
as and for Debtors
Steelman Enterprises, LLC,
S & S Farms Partnership and
Custom Tillage & Spray, LLC