# EXHIBIT "B"

GRAND CANYON TITLE AGENCY
COURTESY RECORDING
NO TITLE LIABILITY

When recorded, return to:

Peter A. Terry, Esq.
Quarles & Brady LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391

#4100 6101 - A



OFFICIAL RECORDS OF
PINAL COUNTY RECORDER
LAURA DEAN-LYTLE

DATE/TIME: 05/09/08 1307
FEE: $26.00
PAGES: 9
FEE NUMBER: 2008-044107

# NON-DISTURBANCE, ATTORNMENT, ESTOPPEL AND SUBORDINATION AGREEMENT

THIS AGREEMENT is made and entered into this 18th day of January, 2008, by and among COPPER STAR BANK, an Arizona banking corporation (the "Beneficiary"), whose address is 7555 East Redfield Road, Scottsdale, Arizona 85260, S&S FARMS _____, a(n) General Partnership (the "Lessee"), whose address is P.O. Box 1651, Arizona City, Arizona 85223, and GRAY SQUIRREL ENTERPRISES, LLC, an Arizona limited liability company (the "Lessor"), whose address is 421 E. Elgin Street, Gilbert, Arizona 85296.

## RECITALS

A. Beneficiary is the owner and holder of that Promissory Note dated on or about January 18, 2008, in the principal sum of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00) secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust") recorded prior to or contemporaneously with the recording hereof in the records of Maricopa County, Arizona, which Deed of Trust constitutes a lien or encumbrance on that real property more particularly described on Schedule "A" attached hereto and by this reference incorporated herein.

B. Lessee is the holder of a leasehold estate (the "Leased Premises") included in the real property described on Schedule "A" attached hereto and by this reference incorporated herein, pursuant to the terms of that unrecorded lease (the "Lease") dated December ___, 2007, and executed by Lessee and Lessor.

C. Lessee and Beneficiary desire to confirm their understanding with respect to the Lease and the Deed of Trust.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties hereto agree and covenant as follows:

QBACTIVE\841060.00041\6063518.2

1. So long as Lessee is not in default (beyond any period given Lessee to cure such default) in the payment of rent or in the performance of any of the terms, covenants or conditions of the Lease to be performed by Lessee, Beneficiary shall not disturb or interfere with Lessee's possession and occupancy of the Leased Premises during the term of the Lease or any extension thereof duly exercised by Lessee, subject to the provisions of paragraph 3(h) below.

2. If the interests of Lessor shall be transferred to and owned by Beneficiary by judicial foreclosure, private trustee sale or any other manner, and Beneficiary succeeds to the interest of Lessor under the Lease, Lessee shall be bound to Beneficiary under all of the covenants, conditions and provisions of the Lease for the remaining term thereof, and any extension thereof duly exercised by Lessee, subject to the provisions of paragraph 3(h) below, with the same force and effect as if Beneficiary were the lessor under the Lease. Lessee hereby attorns to Beneficiary as its lessor, and that attornment shall be self-operative and shall be effective immediately upon Beneficiary's succeeding to the interest of Lessor under the Lease without the execution of any further instruments by any of the parties hereto.

3. If the interests of Lessor shall be transferred to and owned by Beneficiary by judicial foreclosure, private trustee sale or any other manner, and Beneficiary succeeds to the interest of Lessor under the Lease, Beneficiary shall be bound to Lessee under all of the terms, covenants and conditions of the Lease except that Beneficiary shall not be:

(a) Liable for any act or omission of any prior lessor (including Lessor);

(b) Subject to any offsets or defenses that Lessee might have against any prior lessor (including Lessor);

(c) Bound by any rent or additional rent or advance rent that Lessee might have paid for more than the current month to any prior lessor (including Lessor) and all such rent shall remain due and owing notwithstanding such advance payment;

(d) Bound by any amendment or modification of the Lease made without its consent and written approval;

(e) Bound to commence or complete any construction or to make any contribution toward construction or installation of any improvements upon the Leased Premises required under the Lease or any expansion or rehabilitation of existing improvements thereon, or for restoration of improvements following any casualty not required to be insured under the Lease or for the costs of any restoration in excess of any proceeds recovered under any insurance required to be carried under the Lease;

(f) Bound by any restriction on competition beyond the Leased Premises;

Case 4:09-bk-33960-BMW    Doc 51-2    Filed 12/29/10    Entered 12/29/10 09:52:23    Desc
Exhibit B    Page 3 of 10

(g) Personally liable under the Lease (Beneficiary's liability under the Lease shall be limited to the ownership interest of Beneficiary in the Leased Premises); or

(h) At the election of Beneficiary, bound by any extension or renewal of the Lease beyond the end of the calendar year in which (i) the interests of Lessor are transferred to and owned by Beneficiary or (ii) a Notice of Trustee's Sale is given to Lessee wherein Beneficiary gives notice of its intent to sell the Leased Premises at a trustee's sale.

In addition, Beneficiary shall not have any liability or responsibility under or pursuant to the terms of the Lease or this Agreement after it ceases to own an interest in or to the property described on Schedule "A".

4. The Lease is now, and shall at all times continue to be, subject and subordinate in each and every respect to the Deed of Trust and to all extensions, modifications, renewals, replacements, substitutions and/or consolidations thereof. Nothing contained herein shall be deemed or construed as limiting or restricting the enforcement by Beneficiary of any of the covenants, conditions, provisions or remedies of the Deed of Trust, whether or not consistent with the Lease.

5. Lessor and Lessee certify to Beneficiary as follows: (a) a true and correct copy of the Lease has been delivered to Beneficiary, and the Lease is presently in full force and effect and unmodified or unchanged; (b) the term shall commence or did commence on January 1, 2008, and full rental will then accrue or is now accruing thereunder; (c) all conditions required under the Lease to have been satisfied as of the date hereof have been satisfied; (d) no rent under the Lease has been paid more than sixty (60) days in advance of its due date; (e) the amount of lease deposit paid or to be paid under the terms of the Lease is $ (none); (f) Beneficiary shall have no liability or responsibility for the application or return of any security deposit of Lessee; (g) no default exists under the Lease; (h) Lessee, as of the date hereof, has no charge, lien or claim of offset under the Lease or otherwise, against rents or other charges due or to become due thereunder; (i) Lessee has not received notice of any assignment, mortgage or pledge of Lessor's interest in the Lease or any rents or other amounts payable thereunder; (j) the Lease constitutes the entire rental agreement between the parties; (k) the only persons, firms or corporations in possession of the Leased Premises or having any right to the possession or use of the Leased Premises (other than the record owner or holders of recorded easements) are those holding under the Lease; and (l) Lessee has no right or interest in or under any contract, option or agreement involving the sale or transfer of the Leased Premises.

6. Lessee shall give written notice to Beneficiary of any failure by Lessor to perform or observe any of the covenants, conditions or provisions of the Lease, and Beneficiary shall have the right, but not the obligation, to cure such failure. In the event of any such failure by Lessor, Lessee shall not take any action with respect to such failure, including without limitation any action to terminate, rescind or avoid the Lease or to withhold any rent thereunder, for a period of thirty (30) days after notice thereof to Beneficiary; provided, however, that if such

failure cannot reasonably be remedied within that thirty (30) day period, Lessee shall not take any action with respect to such failure, including without limitation any action to terminate, rescind or avoid the Lease or to withhold any rent thereunder, so long as Beneficiary shall commence to remedy the failure within the thirty (30) day period and thereafter shall diligently prosecute the remedy to completion.

7. All notices required or permitted to be given hereunder shall be in writing and may be given in person or by United States mail, by delivery service or by electronic transmission. Any notice directed to a party to this Agreement shall become effective upon the earliest of the following: (i) actual receipt by that party; (ii) delivery to the designated address of that party, addressed to that party; or (iii) if given by certified or registered United States mail, twenty-four (24) hours after deposit with the United States Postal Service, postage prepaid, addressed to that party at its designated address. The designated address of a party shall be the address of that party shown at the beginning of this Agreement or such other address as that party, from time to time, may specify by notice to the other parties.

8. The term "Beneficiary" shall be deemed to include COPPER STAR BANK, an Arizona banking corporation, and its successors and assigns, including anyone who shall have succeeded to Lessor's interest by or through judicial foreclosure, private trustee's sale, or other proceedings brought pursuant to the Deed of Trust or deed in lieu of such foreclosure or proceedings.

9. Each covenant, condition and provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law but if any covenant, condition or provision of this Agreement shall be held to be void or invalid, the same shall not affect the remainder hereof which shall be effective as though the void or invalid covenant, condition or provision had not been contained herein.

10. This Agreement may not be modified orally or in any other manner than by an agreement in writing signed by the parties hereto or their respective successors in interest. This Agreement shall inure to the benefit of and be binding upon the parties hereto, their successors and assigns.

11. This Agreement shall be governed by and construed according to the laws of the State of Arizona.

12. This Agreement may be executed in any number of counterparts, and each counterpart executed by any of the undersigned, together with all other counterparts so executed, shall constitute a single instrument and agreement of the parties. Signatures transmitted by facsimile and electronic means shall bind the parties signing.

QBACTIVE\841060.00041\6063518.2     - 4 -

Case 4:09-bk-33960-BMW    Doc 51-2    Filed 12/29/10    Entered 12/29/10 09:52:23    Desc
Exhibit B    Page 5 of 10

IN WITNESS WHEREOF, these presents are executed as of the date indicated above.

COPPER STAR BANK, a banking corporation organized and existing under the laws of the State of Arizona

By: _/s/ William M. Robson_
Name: William M. Robson
Title: Senior Vice President

**BENEFICIARY**

S&S FARMS _an Arizona_, a(n) _general partnership_

_/s/ [signatures: S&S Farms partners — Steelman Jr., Mary Ann Steelman, H.L. Steelman Sr., Cheryl L. Steelman]_

By: _____
Name: _____
Title: _____

**LESSEE**

GRAY SQUIRREL ENTERPRISES, LLC, an Arizona limited liability company

By: _____
Name: M. Laurin Hendrix
Title: Manager

**LESSOR**

IN WITNESS WHEREOF, these presents are executed as of the date indicated above.

COPPER STAR BANK, a banking corporation organized and existing under the laws of the State of Arizona

By: _____
Name: William A. Robson
Title: Senior Vice President

**BENEFICIARY**

S&S FARMS _____,
a(n) _____

By: _____
Name: _____
Title: _____

**LESSEE**

GRAY SQUIRREL ENTERPRISES, LLC,
an Arizona limited liability company

By: _____
Name: M. Laurin Hendrix
Title: Manager

**LESSOR**

STATE OF ARIZONA )
) ss.
COUNTY OF MARICOPA )

The foregoing instrument was acknowledged before me this 30 day of ~~January~~ April, 2008, by William M. Robson, the Senior Vice President of Copper Star Bank, an Arizona banking corporation, on behalf of that corporation.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Judith M. Bickert_
Notary Public

My commission expires:

7-5-10

NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
JUDITH M. BICKERT
My Appointment Expires 07/05/10

STATE OF Arizona )
) ss.
COUNTY OF Pinal )

The foregoing instrument was acknowledged before me this 27th day of ~~January~~ April, 2008, by _____, the Partners of S&S Farms _____ a(n) General, on behalf of that Partnership.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Cheryl Bonsall_
Notary Public
Cheryl Bonsall

My commission expires:

June 10, 2010

OFFICIAL SEAL
CHERYL BONSALL
NOTARY PUBLIC - State of Arizona
PINAL COUNTY
My Comm. expires June 10, 2010

June 10, 2010

STATE OF ARIZONA     )
                     ) ss.
COUNTY OF MARICOPA   )

      The foregoing instrument was acknowledged before me this _3_ day of ~~January~~ MARCH, 2008, by M. Laurin Hendrix, the Manager of Gray Squirrel Enterprises, LLC, an Arizona limited liability company, on behalf of that limited liability company.

      IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My commission expires:

_10/1/08_

J. Cary Walker
Notary Public - Arizona
Maricopa County
My Commission Expires
October 1, 2008



## SCHEDULE A

### Land Description

The Southeast quarter and the East half of the West half of Section 23, Township 7 south, Range 7 East of the Gila and Salt River Base and Meridian, Pinal County, Arizona;

Except the Northeast quarter of the Northwest quarter of said Section 23.