**SIGNED.**

Dated: January 03, 2011



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>STEELMAN ENTERPRISES, LLC,<br><br>                    Debtor.<br><br>S & S FARMS PARTNERSHIP,<br><br>                    Debtor.<br><br>CUSTOM TILLAGE & SPRAY, LLC,<br><br>                    Debtor. | Chapter 12<br><br>Case No. 4:09-bk-33960-JMM<br>Case No. 4:09-bk-33962-JMM<br>Case No. 4:09-bk-33963-JMM<br>(Jointly Administered)<br><br>**MEMORANDUM DECISION** |

On December 29, 2010, this court heard argument on a motion filed by the Debtor to renew an existing lease and continue farming the leased ground through 2011 (ECF No. 47). An objection was filed by the current owner of the land, Stearns Bank, N.A. (ECF No. 51)

## FACTS

The Debtor is a farming entity. It filed a Chapter 12 proceeding on December 31, 2009. Also filing were related entities, S&S Farms Partnership (09-33962) and Custom Tillage & Spray, LLC (09-33963). An order confirming the Debtors' combined plan was entered on June 16, 2010 (ECF No. 40).

As part of its approved plan, the Debtor agreed to assume, according to its contractual terms, an executory contract (lease) with Grey Squirrel Enterprises, LLC. Plan at para. 3.11, ECF No. 40.

Grey Squirrel pledged its farm real estate, which had been leased to the Debtor, to Stearns Bank (or its predecessor bank) (the "Bank") for a debt owed by it to the Bank. The Bank then foreclosed on the real estate on September 14, 2010, and is now the owner of the land.

On or about April 1, 2008, S& S Farms (one of the co-debtors herein) executed, along with the Bank and Grey Squirrel, a Non-Disturbance, Attornment, Estoppel and Subordination Agreement wherein each party recognized the others' rights (Ex. B to Stearns Bank's objection, ECF No. 51).

In connection with its ownership rights in the real property, Stearns Bank has elected not to renew the Debtor's lease, which expires by its terms on December 31, 2010. (*See* Ex. A para. 2, to ECF No. 51.) The lease requires that notification of non-renewal be given to the Debtor by October 30 of each year, otherwise the lease automatically renews (Ex. A, para. 2, ECF No. 51). The Bank gave such notice in a timely fashion. (Ex D to ECF No. 51).

On December 21, 2010, the Debtor filed a motion to obtain court approval for another one-year extension of the lease in question. The Bank opposes the request, and has leased the land to another entity.

## **LAW**

In its confirmed plan, the Debtor assumed the lease according to its terms. By its terms, the lease expires December 31, 2010, unless the lessor fails to give notice of non-renewal by October 30. Here, the Bank has provided evidence of delivery of such non-renewal notice. No factual issue has been raised to controvert that fact.

The court has no authority to extend an assumed lease which has been terminated according to its own terms. The Debtor's plan assumed the Grey Squirrel lease. This it was permitted to do under the law. 11 U.S.C. § 1222(b)(6). The terms of a confirmed plan are binding

| | |
|---|---|
| 1 | upon the Debtor and each creditor.  11 U.S.C. § 1227(a).  Also, once a plan is confirmed, the |
| 2 | "estate" created upon the filing dissolved, and assets are re-vested in the Debtor.  11 U.S.C. |
| 3 | § 1227(b). |
| 4 | As the plan left the contractual rights of the parties to this dispute unaltered, and there |
| 5 | has been no evidence presented to show an extension exists by operation of law, the court must deny |
| 6 | the Debtor's motion. |

DATED AND SIGNED ABOVE.

COPIES served as indicated below on the
date signed above:

Robert M. Cook, Attorney for Debtors
robertmcook@yahoo.com

Issac M. Gabriel, Attorney for Stearns Bank
isaac.gabriel@quarles.com

David M. Reaves, Trustee
trustee@reaves-law.com   dreaves@ecf.epiqsystems.com,  earnold@reaves-law.com

Office of the U.S. Trustee
USTPRegion14.PX.ECF@USDOJ.GOV

By     /s/ M.B. Thompson
              Judicial Assistant